UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TRUSTEES FOR THE MASON TENDERS DISTRICT :
COUNCIL WELFARE FUND, PENSION FUND, :
ANNUITY FUND AND TRAINING PROGRAM FUND :
et al., :
                                                              Petitioners, :

                             -v- :

CAPSTONE CONSTRUCTION CORP., :

                                                              Respondent. :
------------------------------------------------------------------------X

11 Civ. 1715 (JMF)

MEMORANDUM
OPINION AND
ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: Apr 19, 2013

JESSE M. FURMAN, United States District Judge:

      On March 11, 2011, Petitioners Trustees for the Mason Tenders District Council Welfare, Pension, and Training Program Funds and Robert Bonanza, Business Manager of the Mason Tenders District Council, commenced this action, petitioning the Court pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1145; Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185; and Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, to confirm an arbitration award (the "Award") issued against Respondent Capstone Construction Corp. ("Capstone"). To date, Capstone has neither responded to Petitioners' confirmation action nor otherwise sought relief from the Award. For the reasons stated below, the Award is CONFIRMED.

## BACKGROUND

      On December 10, 2007, Capstone agreed to be bound by a November 10, 2004 Project Labor Agreement (the "PLA") between the New York City School Construction Authority and the Building and Construction Trades Council of Greater New York and Vicinity. (*See* Savci

Decl. Ex. 1, at 3 (Capstone's agreement); *id.* at 4-50 (the 2004 Project Labor Agreement)).[1]

Article 11, Section 2.B, of the PLA states that "[t]he Contractor agrees to be bound by the written terms of the legally-established jointly trusteed Trust Agreements specifying the detailed basis on which payments are to be paid into, and benefits paid out of such Trust Funds." (Savci Decl. Ex. 1, at 34; *see also* Savci Decl. ¶ 6). Under the relevant Trust Agreement, when payments are not made to the funds, the Board of Trustees — Petitioner here — can initiate arbitration. (*See id.* Ex. 2, at 55-59; *see also id.* Ex. 3 (describing arbitration procedures)). In addition to specifying that the Board of Trustees can arbitrate, the Trust Agreement provides that unpaid contributions, interest, liquidated damages, audit costs, and attorneys' fees and costs should be awarded when a contractor fails to make contributions. (*See id.* Ex. 2, at 57-58).

On February 24, 2010, the impartial arbitrator, Joseph A. Harris, held a hearing to adjudicate whether Capstone owed Petitioners benefit contributions. (*See id.* Ex. 6 at 2 (noting day of arbitration)). Arbitrator Harris found that Capstone had been notified, but had not requested to adjourn or delay the arbitration and was therefore in default. (*Id.*). In an opinion and award dated March 13, 2010, Arbitrator Harris concluded that Petitioners' uncontested evidence "provides convincing evidence" that Capstone owed $5,966.82 in delinquent contributions from November 7, 2007, to June 19, 2009; $556.32 for delinquent contributions to union dues and to the Mason Tenders District Council's political action committee; $623.77 for interest to the time of the adjudication; and $795.58 for the costs of the audit.[2] (*Id.* at 3).

---

[1] References to page numbers in Exhibits 1 and 2 to the Savci Declaration are to the pages of the relevant PDF and references to page numbers in all other exhibits in the Declaration are to the page number or numbers following the exhibit's cover sheet.

[2] Although, strictly speaking, Capstone was not bound by the PLA until December 2007, the fact that the Arbitrator found that Capstone was delinquent on contributions dating back to November 2007 is of no moment, as none of the delinquent contributions established by Petitioners' audit were owed for work conducted in 2007. (*See* Savci Decl. Ex. 7, at 2 (finding

Finally, Arbitrator Harris awarded Petitioners twenty percent of the delinquent contributions amount, or $1,193, as liquidated damages; $500.00 in "reasonable" attorneys' fees, $1,527.27 in arbitrator's fees, and prospective interest from the "date of [the] award at a statutory rate." (*See* Savci Ex. 6, at 3 (Docket 10-3, at 24).) The total came to $11,162.75, plus interest from the date of the Award. (*Id.*).

On March 11, 2011, Petitioners instituted this action to confirm the arbitration Award. (Docket No. 1). Petitioners served Capstone on April 8, 2011 (Docket No. 3), and obtained a certificate of default on November 5, 2012 (Docket No. 6).

## DISCUSSION

"It is well established that courts must grant an [arbitrator's] decision great deference." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). Accordingly, the confirmation of an arbitration award normally is "'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). "Only 'a barely colorable justification for the outcome reached' by the arbitrators" is required to confirm an award on a timely petition to confirm. *Id.* (quoting *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)).

Indeed, where an arbitrator is impartial, has not unreasonably denied requests for postponement, and has not ignored "pertinent and material" evidence, 9 U.S.C. § 10(a), an arbitrator's award should not be vacated "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority," *Jock v. Sterling Jewelers Inc.*,

---

zero unreported hours in 2007); *id.* at 5 (finding zero unreported hours in November and December 2007)).

646 F.3d 113, 122 (2d Cir. 2011) (quoting *ReliaStar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co.*, 564 F.3d. 81, 86 (2d Cir. 2009)), *cert. denied*, 132 S. Ct. 1742 (2012); *see also 187 Concourse Assocs. v. Fishman*, 399 F.3d 524, 527 (2d Cir. 2005) ("The principal question for the reviewing court is whether the arbitrator's award draws its essence from the collective bargaining agreement . . . ." (quoting *Saint Mary Home, Inc. v. Serv. Emps. Int'l Union, Dist. 1199*, 116 F.3d 41, 44 (2d Cir. 1997)) (internal quotation mark omitted)). "Further, 'the federal policy in favor of enforcing arbitration awards is particularly strong with respect to arbitration of labor disputes.'" *Supreme Oil Co., Inc. v. Abondolo*, 568 F. Supp. 2d 401, 406 (S.D.N.Y. 2008) (quoting *N.Y. Hotel & Motel Trades Council v. Hotel St. George*, 988 F. Supp. 770, 774 (S.D.N.Y. 1997)).

Notwithstanding the extreme deference that a court must pay to an arbitrator's decision, even unopposed petitions to confirm awards must "'fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" *D.H. Blair*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co., Inc. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir. 2004)) (internal quotation marks omitted). Because a petition to confirm an arbitration award should be "treated as akin to a motion for summary judgment based on the movant's submissions," where the non-movant has failed to respond to a petition to confirm, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 109-10 (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244).

Applying these principles here, Petitioners have met their burden of demonstrating that there is no genuine issue of material fact precluding summary judgment as to all portions of the Award, as the Arbitrator's decision provides more than "'a barely colorable justification for the

outcome reached.'" *Id.* at 110 (quoting *Landy Michaels*, 954 F.2d at 797). Prior to issuing each Award, Arbitrator Harris looked at the PLA, supporting documents, and the evidence and testimony provided by Petitioners. (*See* Savci Decl. Ex. 6, at 1-3 (describing the contract and reviewing testimony)). Based on that record, he determined that Capstone was delinquent in its payments and awarded damages, as described above.

Although Petitioners have not presented this Court with copies of the materials on which the Arbitrator relied, there is no reason to doubt his interpretation of those materials. Further, and in any event, "'[c]ourts are not authorized to review [an] arbitrator's decision on the merits [even in the face of] allegations' — allegations that have not been made in this case — 'that the decision rests on factual errors or misinterprets the parties' agreement.'" *N.Y.C. Dist. Council of Carpenters Pension Fund v. Star Intercom & Constr., Inc.*, No. 11 Civ. 3015 (RJH), 2011 WL 5103349, at *4 (S.D.N.Y. Oct. 27, 2011) (alterations in original) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (per curiam)). Finally, there is no justification under Section 10(a) of the Federal Arbitration Act for vacating the Award. Accordingly, the Court grants Petitioners' unopposed petition to confirm the entire Award.

The Trust Agreement specifies that the rate of interest shall be "the rate prescribed under [Title 26, United States Code,] section 6621." (*See* Savci Decl. Ex. 2, at 55). Accordingly, Petitioners are awarded interest at that rate, which is readily available. *See* Rev. Rul. 2012-23, at 11, *available at* http://www.irs.gov/pub/irs-drop/rr-12-23.pdf; *see also* 26 U.S.C. § 6621(a) (describing how the rate is calculated).

## CONCLUSION

For the reasons set forth above, the Award is CONFIRMED in its entirety. Petitioners are directed to submit a proposed Judgment consistent with this opinion to the Orders and

5

Judgments Clerk of this Court by April 19, 2013.  Respondent may submit any objections to the proposed Judgment on or before April 24, 2013.

SO ORDERED.

Dated: April 19, 2013
      New York, New York

_____
JESSE M. FURMAN
United States District Judge